UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MURPHY OIL USA, INC., § § *Plaintiff,* § § v. § § LOVE'S TRAVEL STOPS & § COUNTRY STORES, INC; GEMINI § MOTOR TRANSPORT; MUSKET § CORPORATION; STANLEY § BOWERS; SCOTT DODD; LARRY § JONES; MICHAEL WOOD; ROY § TAYLOR; MATT TUGMAN; § EDWARD WASHINGTON; and § ALAN SVAJDA, § § *Defendants.* § | Civil Action No. 3:18-CV-01345-X |

## MEMORANDUM OPINION AND ORDER

The Court's memorandum opinion and order dated December 10, 2020 [Doc. 96] and final judgment [Doc. 95] are hereby **WITHDRAWN** and the Courts enters the following order.  Murphy Oil USA, Inc. (Murphy) sued Love's Travel Stops & Country Stores, Inc. (Love's), Gemini Motor Transport (Gemini), Musket Corporation, and eight individual fuel-carrier drivers for civil theft, conversion, and unjust enrichment stemming from an alleged conspiracy to steal diesel fuel during Hurricane Harvey.  The defendants collectively filed a Motion for Summary Judgment [Doc. No. 34].  In the now-withdrawn opinion, the Court held that Murphy waived its claims when it charged, and Love's paid, a "special" or high price for the fuel.  That opinion also contained unnecessary analysis from Murphy's own records

1

demonstrating the high nature of that special price, which was the basis for Murphy's motion for reconsideration. Because that analysis was unnecessary, and apparently greatly vexed Murphy, the Court has revised its opinion to stand on the key facts that Murphy ended this dispute under the doctrine of waiver when it charged and Love's paid the special price. Accordingly, the Court **GRANTS** the motion for summary judgment [Doc. 34] and **DENIES** Murphy's motion to alter or amend the judgment [Doc. 100].

## I. Factual Background

Murphy sells fuel both at retail and as a wholesaler. Murphy utilizes third-party terminals to store fuel in support of both business lines. Fuel held at these terminals is designated either available for wholesale or "branded," meaning only available for use at Murphy retail locations. Fuel carriers use "loading codes" to retrieve fuel at the terminal and coordinate billing. Branded fuel is retrieved only by using a special loading code that Murphy provides exclusively to carriers designated for hauling its fuel.

Hurricane Harvey brought with it an abundance of water and a shortage of fuel. To ensure its retail locations would have an adequate supply, Murphy directed the Frost Terminal to designate all Murphy diesel fuel stored there as branded fuel. Gemini is a fuel carrier who is designated to carry fuel to Murphy stores, and Love's is another retail fuel business that sometimes buys wholesale fuel from Murphy. During the hurricane, Gemini used the special Murphy loading code to load 27 trucks with 220,000 gallons of branded Murphy diesel fuel. Rather than carry the fuel to

Murphy locations, however, Gemini delivered the fuel to Love's stores around Texas. This caused Murphy to have an insufficient diesel supply to support its own stores.

After discovering Gemini carried the branded fuel to non-Murphy stores, Murphy billed Love's for the branded diesel fuel at a "special" rate $0.29 per gallon higher than its posted wholesale prices on those days. Love's promptly paid the invoice in full. Two weeks later, Murphy demanded the defendants also pay for lost opportunities, profits, and damage to its reputation. Murphy then filed this lawsuit to recover lost profits from sales of the fuel and related merchandise. Murphy alleges that the defendants conspired to commit civil theft under the Texas Theft Liability Act, common law conversion, and were unjustly enriched by their conduct. The defendants maintain that Murphy waived any and all claims related to the fuel when it instead chose to bill the defendants at an increased rate and they paid.

## II. Legal Standards

### A. Summary Judgment

Summary judgment is appropriate only if, viewing the evidence in the light most favorable to the non-moving party, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] "A fact is material if it 'might affect the outcome of the suit'" and a "factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[2]

---

[1] FED. R. CIV. P. 56(a).

[2] *Thomas v. Tregre*, 913 F.3d 458, 462 (5th Cir. 2019) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

B. Waiver of Claims

Under Texas law, waiver is defined as "an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right."[3] "Waiver is largely a matter of intent, and for implied waiver to be found through a party's actions, intent must be clearly demonstrated by the surrounding facts and circumstances."[4] Although waiver is a question of intent, it need not be express.[5] Conduct sufficiently demonstrates intent to waive a right if "in light of the surrounding facts and circumstances, it is unequivocally inconsistent with claiming that right."[6] Waiver is a question of law when the surrounding facts and circumstances are undisputed.[7]

### III. Analysis

The defendants argue that Murphy waived all claims related to the branded fuel when it invoiced the defendants, and accepted payment, for the fuel at a special price. Murphy dismisses this transaction as merely an attempt "recoup its losses as quickly as possible."[8] The Court will evaluate waiver with respect to each cause of action.

A. Texas Theft Liability Act

---

[3] *Jernigan v. Langley*, 111 S.W.3d 153, 156 (Tex. 2003).

[4] *Id.*

[5] *LaLonde v. Gosnell*, 593 S.W.3d 212, 219 (Tex. 2019).

[6] *Id.*

[7] *Jernigan*, 111 S.W.3d at 156–57.

[8] Doc. No. 59 at 8.

The Texas Theft Liability Act provides a cause of action for victims of theft to recover any resulting damages.[9] Under the Act, "a person who has sustained damages resulting from theft may recover . . . the amount of actual damages found by the trier of fact and, in addition to actual damages, damages awarded by the trier of fact in a sum not to exceed $1,000."[10] To recover, "a plaintiff must demonstrate damages resulting from a theft."[11]

The undisputed facts and circumstances of this case demonstrate Murphy's intent to waive any Texas Theft Liability claims against the defendants. Choosing to forgo litigation in favor of billing the defendants for the fuel at a "special" rate that Murphy calculated by hand is unequivocally inconsistent with intent to later assert a Texas Theft Liability Act claim to recover those same damages. Murphy even admits that it issued the invoices for the express purpose of "recoup[ing] its losses as quickly as possible."[12] And recouping losses is exactly the goal of lawsuits to recover damages. If Murphy incorrectly calculated by hand its special price it charged Love's, then it should have either calculated that rate carefully or waited for the fullness of litigation to make that calculation.

Although only Love's paid Murphy's invoice, the implied waiver is effective for all the defendants. Joint and several liability rules allow a plaintiff to recover damages from multiple liable defendants under certain circumstances.[13] However,

---

[9] TEX. CIV. PRAC. & REM. CODE § 134.003(a).

[10] *Id.* § 134.005(a)(1).

[11] *Duaz v. Valdez*, 571 S.W.3d 795, 805 (Tex. App.—Houston [1st Dist.] 2018, no pet.).

[12] Doc. No. 59 at 8.

[13] *See Bluestar Energy, Inc. v. Murphy*, 205 S.W.3d 96, 99 (Tex. App.—Eastland 2006, pet.

5

the plaintiff is only ever entitled to one complete satisfaction of the judgment.[14] Murphy chose specifically to "recoup its losses" from Love's. Accordingly, billing and receiving payment from Love's at the hand-calculated special price was just as unequivocally inconsistent with an intent to preserve civil theft claims against any other defendants as it was inconsistent to preserve a claim against Love's. Therefore, Murphy waived its statutory claim against the other defendants as well. Thus, the Court determines that there is no genuine dispute of material fact that Murphy waived its Texas Theft Liability Act causes of action against all defendants.

## B. Conversion

The facts and circumstances also demonstrate intent to waive any conversion claim. The elements of a conversion cause of action are: (1) the plaintiff owned, had legal possession of, or was entitled to possession of the property; (2) the defendant assumed and exercised dominion and control over the property in an unlawful and unauthorized manner, to the exclusion of and inconsistent with the plaintiff's rights; and (3) the defendant refused plaintiff's demand for the return of the property.[15] Additionally, "a plaintiff must prove damages before recovery is allowed for conversion."[16] Generally, the measure of damages is the "fair market value of the

---

denied) ("Joint and several liability is appropriate in tort cases when the independent tortious conduct of two or more persons is a legal cause of an indivisible injury and in contract cases when two or more persons promise the same performance.").

[14] *Sky View at Las Palmas, LLC v. Mendez*, 555 S.W.3d 101, 106 (Tex. 2018) ("Under the one satisfaction rule, a plaintiff is entitled to only one recovery for any damages suffered.").

[15] *Cuidado Casero Home Health of El Paso, Inc. v. Ayuda Home Health Care Servs., LLC*, 404 S.W.3d 737, 748 (Tex. App.—El Paso 2013, no pet.).

[16] *United Mobile Networks, L.P. v. Deaton*, 939 S.W.2d 146, 147 (Tex. 1997).

property at the time and place of conversion," but are nonetheless "limited to the amount necessary to compensate the plaintiff for the actual losses or injuries sustained as a natural and proximate result of the defendant's conversion."[17]

By deciding to bill the defendants at a hand-calculated special price instead of litigating the issue, Murphy's actions were unequivocally inconsistent with an intent to preserve the right to sue for conversion later, and therefore amounts to a waiver of the claim. Thus, there is no genuine dispute of material fact that Murphy waived its conversion claims.

### C. Unjust Enrichment

Murphy also argues it can recover the defendants' profits from sales of the fuel under unjust enrichment. "A party may recover under the unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage."[18] "Unjust enrichment is not a proper remedy merely because it might appear expedient or generally fair that some recompense be afforded for an unfortunate loss to the claimant, or because the benefits to the person sought to be charged amount to a windfall."[19] As an equitable remedy, a plaintiff must choose between pursuing unjust enrichment or an applicable legal remedy, but cannot

---

[17] *Id.* at 147–48.

[18] *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992).

[19] *Id.* at 42 (quotation marks omitted).

choose both.[20]  Further, "the availability of an adequate legal remedy may render equitable claims like unjust enrichment unavailable."[21]

Here, Murphy had two adequate legal remedies, one statutory (the Texas Theft Liability Act) and one common law (conversion), available to redress any damages arising from the defendants' conduct.  The mere availability of these remedies renders the equitable theory of unjust enrichment unavailable.  Further, even if unjust enrichment were available, Murphy affirmatively chose to recover its "losses" (*i.e.* its legal remedy) through the billing contract with the defendants.[22]  Because obtaining an adequate legal remedy precludes any pursuit of an equitable remedy that addresses the same injury, this decision is inconsistent with an intent to later pursue recovery through unjust enrichment.  Therefore, even if available, Murphy waived any potential entitlement to recovery in unjust enrichment by choosing to recover its "losses" through billing Love's a hand-calculated special price.  Accordingly, there is no genuine dispute of material fact that Murphy lacks or otherwise waived any claims in unjust enrichment.

---

[20] *See Nelson v. Najm*, 127 S.W.3d 170, 176 (Tex. App.—Houston [1st Dist.] 2003, no pet.) ("Texas courts have long held under general principles of common-law fraud that one who is induced by fraud to enter into a contract has a choice of remedies: he may either recover his monetary damages flowing from the fraud or he may elect the equitable remedy of rescission in lieu of damages and demand a return of any amount paid.").

[21] *R.M. Dudley Constr. Co., Inc. v Dawson*, 258 S.W.3d 694, 704 (Tex. App.—Waco 2008, pet. denied).  *See also Best Buy Co. v. Barrera*, 248 S.W.3d 160, 161 n.1 (Tex. 2007) ("In certain contexts, some equitable claims or defenses may be supplanted if an adequate legal remedy exists."); *BMG Direct Mktg., Inc. v. Peake*, 178 S.W.3d 763, 770 (Tex. 2005) ("Like other equitable claims and defenses, an adequate legal remedy may render equitable claims of unjust enrichment and equitable defenses of voluntary-payment unavailable.").

[22] Doc. No. 59 at 8.

### D. Conspiracy

Murphy finally alleges the defendants were involved in a conspiracy to commit civil theft. Unlike the crime of conspiracy, civil conspiracy is not an independent cause of action.[23] Instead civil conspiracy operates as a derivative tort that allows the plaintiff to hold one conspiracy participant liable for the torts committed by another participant if the torts were committed in furtherance of an unlawful conspiracy.[24] Because the Court resolved each primary cause of action against Murphy, the conspiracy derivative tort must be dismissed as well.[25]

## IV. Attorney's Fees

The Texas Theft Liability Act provides that "[e]ach person who prevails in a suit under this chapter shall be awarded court costs and reasonable and necessary attorney's fees."[26] This award provision is mandatory. The defendants prevailed in this suit and requested a fee award. The Court previously ordered this briefing under its now-withdrawn summary judgment order, but the unsuccessful motion to alter the final judgment has caused fees to continue. Accordingly, the Court **ORDERS** the defendants to file a motion for attorney's within 14 days that includes evidence supporting the amount of reasonable fees and costs.

## V. Conclusion

---

[23] *Berry v. Lee*, 428 F. Supp. 2d 546, 561 (N.D. Tex. 2006) (Fitzwater, J.).

[24] *Id.* at 561–62 (citing *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996); *Berry v. Golden Light Coffee Co.*, 327 S.W.2d 436, 438 (Tex. 1959)).

[25] *See Baker v. Great N. Energy, Inc.*, 64 F. Supp. 3d 965, 980 (N.D. Tex. 2014) (Boyle, J.).

[26] TEX. CIV. PRAC. & REM. CODE § 134.005(b).

For the reasons outlined above, the Court **WITHDRAWS** its prior summary judgment order and final judgment, **GRANTS** the Motion for Summary Judgment, **DISMISSES** Murphy's claims against all defendants **WITH PREJUDICE**, and **DENIES** Murphy's motion to alter or amend the final judgment. By separate order, the Court will issue a new final judgment.

**IT IS SO ORDERED** this 3rd day of March, 2021.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE